## THE CASTOR.

(District Court, E. D. New York. July 19, 1920.)

Maritime liens ☞25—Lien for coal furnished on order of master.

    A libelant *held* entitled to a lien on a tug, under Act June 23, 1910, § 1 (Comp. St. § 7783), for coal supplied on order of the master.

In Admiralty. Suit by the North River Coal & Wharf Company against the Steamtug Castor. Decree for libelant.

William Matthews, of New York City, for libelant.
Foley & Martin, of New York City, for claimant.

CHATFIELD, District Judge. This is a claim for coal furnished to a tug upon orders by the master. Bills were made out and rendered to the tug, and sent by mail to the company which had chartered the tug from the owner. The books of the libelant show the account carried in the name of this charterer, and the testimony shows that one Ross was doing business under the name of the corporation, but that incorporation had not been completed. He chartered the boat under this name, and neither he nor the so-called corporation had any assets. He had some conversation with the president of the libelant, in which it was intimated that this charterer would like to do towing around the harbor for the libelant and thus pay for what coal might be needed. No definite arrangement as to this was ever entered into. The coal was apparently furnished in the usual way to the tug, and under the present statute this creates a lien against the boat, which can be enforced (Act June 23, 1910, c. 373, 36 Stat. 604 [Comp. St. §§ 7783–7787]), unless the person supplying necessaries has knowledge that he is dealing with a charterer or an agreed purchaser in possession. In such case he is put upon inquiry as to the terms of the charter or contract. The Oceana (D. C.) 233 Fed. 139, affirmed 244 Fed. 80, 156 C. C. A. 508.

In the case at bar it is impossible to credit the testimony of the witness Ross as to any intimation by him that he had these boats under charter, or that he was operating in the name of a corporation which did not exist, after hearing his testimony and that of the president of the libelant. The case of The Hatteras, 255 Fed. 518, 166 C. C. A. 586, cited by the claimant, seems to have no bearing upon the present action, as that case deals with a claim of maritime lien for towage service, not given by the lien statute above referred to nor by the general admiralty law.

Libelant may have a decree.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes